IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| MICHELLE'S RESTAURANT OF GEORGETOWN, INC., and THE COMMUNITY CORNER d/b/a DISCOUNT ZONE,<br><br>   **Plaintiffs,**<br><br>v.<br><br>ADVANCED DISPOSAL SERVICES, INC., ADVANCED DISPOSAL SERVICES SOLID WASTE SOUTHEAST, INC.,<br><br>   **Defendants.** | **CIVIL ACTION NO.:** 4-13-cv-488 (CDL) |

## NOTICE OF REMOVAL UNDER CLASS ACTION FAIRNESS ACT OF 2005

Defendants Advanced Disposal Services South, Inc., incorrectly named Advanced Disposal Services, Inc. ("ADS South") and Advanced Disposal Services Solid Waste Southeast, Inc. ("ADS Solid Waste Southeast"), remove this case from the Superior Court of Quitman County, Georgia, where it was originally filed, to the United States District Court for the Middle District of Georgia, Columbus Division. As grounds for this removal, ADS South and ADS Solid Waste Southeast state as follows:

  1. Plaintiffs filed this putative class action on September 26, 2013, in the Superior Court of Quitman County, Georgia, Case Number 2013CU026. ADS South was served with the Summons and Complaint on September 30, 2013. ADS Solid Waste Southeast was served with the Summons and Complaint on October 1, 2013. A true and correct copy of all process, pleadings, and orders served upon ADS South and ADS Solid Waste Southeast in this action to date is attached as Exhibit "1."

10036032 v3

2. Removal of this case is timely because this notice was filed within thirty (30) days after service of the Summons and Complaint on any defendant.

## JURISDICTION

3. This is a civil action over which this Court has original jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), Pub. L. No. 109-2, codified in part at 28 U.S.C. § 1332(d). Under CAFA, any putative class action commenced on or after the statute's effective date of February 18, 2005, may be removed when:

   (i) The suit involves a class action filed under Federal Rule 23 or a similar state statute;

   (ii) Any "class member" is a citizen of a state different from any defendant;

   (iii) The class members' claims, in aggregate, exceed the sum or value of $5,000,000.00; and

   (iv) The number of members of the proposed class exceeds 100.

28 U.S.C. § 1332(d)(1)(B), (d)(2), (d)(2)(A) & (d)(5)(B).

4. Plaintiffs allege that both ADS South and ADS Solid Waste Southeast improperly charged Georgia customers "fuel surcharges," "fuel/environmental fees," and/or "administration fees." (Complaint, ¶¶ 1, 22). Pursuant to Official Code of Georgia § 9-11-23, Plaintiffs seek to certify a class defined as:

   (a) "All persons and entities who are resident citizens of Georgia and pay for solid waste disposal services from Defendants (or their predecessors or subsidiaries) and paid 'fuel surcharges,' 'fuel/environmental fees,' or 'administration fees' to Defendants and/or their affiliates, subsidiaries or related entities from September 25, 2011 through the resolution of this case."

(Complaint, ¶¶ 12, 14).

5. Plaintiffs, individually and on behalf of the class, purport to state claims for violations of the Georgia RICO statute (Count I), trespass to personalty (Count II), money had and received (unjust enrichment) (Count III), and breach of contract (Count IV). Plaintiffs also

seek injunctive relief prohibiting ADS South and ADS Solid Waste Southeast from enforcing and implementing its Arbitration Agreement, Jury Trial Waiver, And Class Action Waiver Clause. (Complaint, ¶¶ 29-49).

6. Based on these claims, Plaintiffs seek compensatory damages, treble damages under the Georgia RICO statute, attorneys' fees under the Georgia RICO statute, punitive damages , and injunctive relief.

7. As set forth below, each of CAFA's requirements is satisfied: this suit involves a putative class action filed under a statute similar to FED. R. CIV. P. 23; at least one class member is diverse from one defendant; the putative class members' claims exceed $5,000,000.00 in the aggregate; and the number of members of the proposed class exceeds 100. Federal jurisdiction therefore exists over this action.

8. The amounts set forth herein are solely for purposes of establishing that the amount in controversy exceeds the $5,000,000.00 threshold and are not intended and cannot be construed as an admission that Plaintiffs can state a claim or are entitled to damages in any amount. ADS South and ADS Solid Waste Southeast deny liability, deny Plaintiffs are entitled to recover any amount, and deny that a class can be properly certified in this matter.

## I. THIS CASE INVOLVES A "CLASS ACTION" AS DEFINED BY CAFA.

9. CAFA defines a "class action" as:

> (B) the term "class action" means any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action;

28 U.S.C. § 1332 (d)(1)(B).

10. Plaintiffs seek class certification pursuant to the Official Code of Georgia § 9-11-23. (Complaint, ¶¶ 11, 13). The Official Code of Georgia § 9-11-23 is similar to Federal Rule of

Civil Procedure 23 and thus the first CAFA requirement is satisfied. See Cappuccitti v. DirecTV, Inc., 623 F.3d 1118 (11th Cir. 2010).

## II.   AT LEAST ONE CLASS MEMBER IS DIVERSE FROM ONE DEFENDANT.

11.   CAFA does not require complete diversity, but rather, requires limited diversity, which may be established when:

> Any member of a class of plaintiffs is a citizen of a State different from any defendant.

28 U.S.C. § 1332(d)(2)(A).

12.   Plaintiffs Michelle's Restaurant of Georgetown, Inc. and The Community Corner d/b/a Discount Zone are Georgia corporations with their principal places of business in Georgia. (Complaint, ¶¶ 7, 8). The named Plaintiffs are therefore Georgia citizens for diversity purposes.

13.   Defendant ADS South, a Delaware corporation with its principal place of business in Ponte Vedra, Florida, is a Florida citizen for diversity purposes.

14.   The CAFA "minimum diversity" requirements are satisfied because most, if not all class members, but certainly at least the two class representatives, are diverse from at least one defendant. Thus, limited diversity exists and the second CAFA requirement is satisfied. See 28 U.S.C. § 1332(d)(l)(D) (stating that "the term 'class members' means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action.").

## III.   THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000.00.

15.   The amount in controversy in this case clearly exceeds $5,000,000.00. During the class period, ADS South alone recognized revenues in excess of $5,000,000.00 attributable to the subject fees at issue from Georgia customers. Thus, the recognized revenues of ADS South and ADS Solid Waste Southeast clearly exceed CAFA's $5,000,000.00 amount in controversy requirement even before considering the treble damages sought by Plaintiffs under the Georgia

RICO statute, attorneys' fees under the Georgia RICO statute, punitive damages, and injunctive relief. Once each of these categories is considered, no serious argument can be advanced in this case that the amount in controversy requirement of $5,000,000.00 is not met.

16. Specifically, CAFA requires that a Complaint put in controversy more than $5,000,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332(d)(2). Importantly, CAFA requires claim aggregation when determining the amount put at issue by a complaint:

> b) In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

28 U.S.C. § l332(d)(6).

17. Where a complaint does not specify the amount of damages sought, as in Plaintiffs' Complaint, the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount-in-controversy is satisfied. See Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996) (adopting the "preponderance of the evidence" standard after examining the various burdens of proof in different factual contexts), overruled on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069, 1072 (11th Cir. 2000). This means that Defendant must establish that it is "more likely than not" that the amount in controversy exceeds the jurisdictional requirement. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010) (citing Tapscott, 77 F.3d at 1356-57 ("[W]e hold where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [applicable] jurisdictional requirement.")).

18. In support of an argument that the amount-in-controversy threshold is satisfied, a removing defendant may submit specific factual details, including affidavits, to support its

contentions. See Pretka, 608 F.3d at 753-755 ("Defendants may introduce their own affidavits, declarations, or other documentation - provided of course that removal is procedurally proper.").

19. Plaintiffs seek to certify a class consisting of "[a]ll persons and entities who are resident citizens of Georgia" who paid "for solid waste disposal services" and "'fuel surcharges,' 'fuel/environmental fees,' or 'administration fees'" to ADS South and ADS Solid Waste Southeast. (Complaint, ¶ ¶ 12, 14).

20. Plaintiffs have alleged that the entirety of the "'fuel surcharges,' 'fuel/environmental fees,' or 'administration fees'" charged by ADS South and ADS Solid Waste Southeast were "unlawful, improper, and deceptive," stating that "the fees are simply profit enhancers which Defendants misrepresent to create the impression that they are valid and proper." (Complaint, ¶ 1). Based only on the Plaintiffs' allegations, no less than the entire amount of the recognized revenues from subject fees is at issue in this case.

21. As detailed in the Affidavit of Randy Arnold, the Senior Vice President for ADS South and ADS Solid Waste Southeast, ADS South individually and both ADS South and ADS Solid Waste Southeast severally recognized revenues attributable to the subject fees in excess of $5,000,000.00 during the time period alleged in the Complaint.[1]

22. Clearly, the revenue recognized during the class period for the subject fees by the Defendants satisfies the required $5,000,000.00 amount in controversy required under CAFA. As such, this Court possesses subject matter jurisdiction under the statute.

23. This fact becomes even clearer considering that the Plaintiffs have sought treble damages under O.C.G.A. § 16-14-6(c), the Georgia RICO statute. (Complaint, ¶ 39). When Plaintiffs attempt to state a claim under the Georgia RICO statute, the statutory treble damages

---

[1] See Arnold Affidavit, which has been filed under seal, for specific recognized revenues.

must be considered. See Jackson v. Am. Gen. Fin. Serv., Inc., No. 7:06-cv-76, 2007 WL 1231671 (M.D. Ga. April 26, 2007) (defendants successfully removed based upon the plaintiff's Georgia RICO claim, which provided for treble damages). Simply, Plaintiffs do not get the *in terrorem* effect of the RICO claim while escaping its effect on the amount in controversy for the purposes of removal.

24. Finally, Plaintiffs also claim punitive damages, injunctive relief, and statutorily provided attorneys' fees under O.C.G.A. § 16-14-6(c). These, too, must be taken into account.

25. Therefore, it is clear when appraising the amount in controversy, the following must be taken into account:

- ADS South's recognized revenues in excess of $5,000,000.00 attributable to the subject fees during the class period.
- ADS Solid Waste Southeast's recognized revenues attributable to the subject fees during the class period.
- Plaintiffs' claims for treble damages pursuant to O.C.G.A. § 16-14-6(c).
- Plaintiffs' claims for punitive damages.
- Plaintiffs' claims for injunctive relief.
- Plaintiffs' claims for attorneys' fees pursuant to O.C.G.A. § 16-14-6(c).

26. Thus, CAFA's jurisdictional requirement of a $5,000,000 amount in controversy is clearly satisfied in this case.[2]

---

[2] Although unclear, Plaintiffs appear to have engaged in a misguided and unsuccessful attempt to avoid CAFA jurisdiction by artificially limiting the amount in controversy. (Complaint, Prayer for Relief). Any attempt to do so must fail.

The Supreme Court has held that because "a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified," stipulations to seek less than the jurisdictional threshold cannot reduce the amount in controversy. Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 1349 (2013). Although Plaintiffs here have not formally stipulated to seek less than $5 million, the effect of disclaiming efforts to seek such relief is no different, and courts have acknowledged the broad application of Standard Fire. See, e.g., Scimone v. Carnival Corp., 720 F.3d 876, 886 (11th Cir. 2013) (holding that Standard Fire "obligate[s] a district court to determine whether it had jurisdiction based on its own calculation of the aggregate amount in controversy"). Plaintiffs' attempt to preclude federal jurisdiction by

## IV. THE PROPOSED CLASS INCLUDES OVER 100 MEMBERS.

27. CAFA's expanded jurisdiction applies only to class actions comprised of one hundred (100) or more class members. See 28 U.S.C. § 1332(d)(5)(B). This final CAFA requirement is easily satisfied.

28. Mr. Arnold also testified that more than one hundred current Georgia ADS South and ADS Solid Waste Southeast customers have received invoices for the subject fees in the subject time period.

29. CAFA's requirement that the proposed class comprise more than a hundred members is therefore satisfied. Miedema v Maytag Corp., 450 F.3d 1327, 1332 n. 4 (11th Cir. 2006) (holding defendants' representations regarding the number of putative class members in the notice of removal satisfied this requirement of CAFA).

## V. NONE OF THE EXCEPTIONS TO CAFA APPLY TO THIS ACTION.

30. CAFA contains a number of exceptions which, where applicable, prevent the Court from exercising jurisdiction over a class action, even where that class action meets CAFA's threshold requirements triggering diversity jurisdiction. None of these exceptions apply to the present case.

31. Under CAFA's "Local Controversy Exception," an action is not removable if (1) more than two-thirds of the class are citizens of the state in which the action was filed; (2) at least one defendant whose conduct forms a significant basis of the claims is a citizen of the state in which the action was filed; (3) the principal injuries occurred in the state where the action was filed; and (4) no class action has been filed alleging the same claims against any of the defendants in the last three years. See 28 U.S.C. § 1332(d)(4)(A) . This exception is not

---

somehow limiting the recovery sought to less than $5 million has no affect because their allegations place more than that amount in controversy.

applicable here because neither ADS South nor ADS Solid Waste Southeast are citizens of Georgia.

32. Under CAFA's "Home State Exception," an action is not removable if at least two-thirds of class members and all primary defendants are citizens of the state in which the action was filed. See 28 U.S.C. § 1332(d)(4)(B) . This exception is not applicable here because neither ADS South nor ADS Solid Waste Southeast are citizens of Georgia.

33. Accordingly, the exceptions to CAFA do not apply to this action and this court has diversity jurisdiction over this action because the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and cost, the putative class includes 100 or more members, and there is at least one member of the putative class that is a citizen of a state different from any defendant.

## CONCLUSION

34. CAFA's jurisdictional prerequisites are satisfied. There has been no showing and no reason for the Court to exercise discretionary abstention under 28 U.S.C. § 1333(d)(3) or mandatory abstention under 28 U.S.C. § 1332(d)(4).

35. A true and correct copy of this Notice of Removal has been mailed for filing with the Superior Court of Quitman County, Georgia.

36. ADS South and ADS Solid Waste Southeast respectfully request an opportunity to brief and argue before the Court any issue or question concerning the removal of this case in the event Plaintiffs seek remand or the Court otherwise visits the issue.

WHEREFORE, Defendants Advanced Disposal Services South, Inc. and Advanced Disposal Services Solid Waste Southeast, Inc., remove this case to the United States District Court for the Middle District of Georgia, Columbus Division.

Respectfully submitted,

*s/ Kwende B. Jones*
Kwende B. Jones  (GA Bar # 041155)
BURR & FORMAN LLP
171 Seventeenth St., NW, Suite 1100
Atlanta, Georgia 30363
Phone: (404) 815-3000
Fax: (404) 817-3244

ATTORNEY FOR DEFENDANTS
ADVANCED DISPOSAL SERVICES SOUTH, INC.
　　　AND
ADVANCED DISPOSAL SERVICES SOLID
WASTE SOUTHEAST, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document by United States Mail on this the 30th day of October, 2013:

Rodney Miller
McCallum, Methvin & Terrell, P.C.
2201 Arlington Avenue South
Birmingham, Alabama 35205
(205) 939-0199 – Telephone
(205) 939-0399 – Facsimile

*s/ Kwende B. Jones*
Kwende B. Jones  (GA Bar # 041155)
BURR & FORMAN LLP
171 Seventeenth St., NW, Suite 1100
Atlanta, Georgia 30363
Phone: (404) 815-3000
Fax: (404) 817-3244