```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION

MICHELLE'S RESTAURANT OF          *
GEORGETOWN, INC., and THE
COMMUNITY CORNER d/b/a DISCOUNT   *
ZONE,
                                  *
     Plaintiffs,
                                  *    CASE NO. 4:13-CV-488 (CDL)
vs.
                                  *
ADVANCED DISPOSAL SERVICES,
INC., and ADVANCED DISPOSAL       *
SERVICES SOLID WASTE SOUTHEAST,
INC.,                             *

     Defendants.                  *
_____
```

O R D E R

Plaintiffs contracted with Defendants for solid waste disposal services. Their relationship soured, and Plaintiffs now maintain that Defendants overcharged them. To remedy this perceived wrong, Plaintiffs filed a putative class action in state court alleging claims under the Georgia Racketeer Influenced and Corrupt Organizations Act, O.C.G.A. § 16-14-1 *et seq.* ("Georgia RICO Act"). Plaintiffs also assert claims for trespass, unjust enrichment, and breach of contract. Plaintiffs seek damages and injunctive relief for themselves and others who are similarly situated. Defendants timely removed the action to this Court basing federal jurisdiction on the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").

Plaintiffs now move to remand this action to state court, arguing that the amount in controversy does not exceed the $5,000,000 jurisdictional amount required under CAFA.  In the alternative, they seek to stay the action while they conduct jurisdictional discovery.  Defendants respond that the present record clearly establishes that the jurisdictional amount has been met and that Plaintiffs' motion to remand should be denied. Defendants seek dismissal of Plaintiffs' injunctive relief claim for lack of standing and dismissal of Plaintiffs' RICO claim for failure to plead the claim with the requisite particularity. For the following reasons, Plaintiffs' motion to remand (ECF No. 5) is denied, Defendants' motion to dismiss Plaintiffs' claim for injunctive relief is granted, and Defendants' motion to dismiss Plaintiff's RICO claim (ECF No. 4) is denied.  The Court does order Plaintiffs to restate their RICO claim with more particularity.

FACTUAL BACKGROUND

Defendants provide solid waste disposal services to individuals and businesses.  Plaintiffs Michelle's Restaurant of Georgetown, Inc. and the Community Corner d/b/a Discount Zone are customers of Defendants.  Plaintiffs and Defendants entered into form contracts that establish a monthly service rate for Defendants' services.  In addition to the monthly service rate, Defendants charge and collect a "fuel surcharge," a

"fuel/environmental fee," and "administration fees."  Plaintiffs base their RICO claim on the collection of these additional fees.   Plaintiffs further allege that Defendants illegally altered the terms of the agreements between the parties, and they seek to enjoin Defendants from enforcing these terms. Compl. ¶ 28, ECF No. 1-2.

DISCUSSION

I.  **Motion to Remand or, in the Alternative, Motion for Jurisdictional Discovery**

Defendants removed this class action asserting that federal jurisdiction exists under CAFA, which allows for removal of certain class actions "in which the matter in controversy exceeds the sum or value of $5,000,000."   28 U.S.C. § 1332(d)(2).   Plaintiffs seek remand arguing that Defendants have failed to establish the jurisdictional amount.   The burden of establishing federal jurisdiction is on the removing party. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010).   If "the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."   *Id.* (internal quotation marks omitted).   The removing party may use its own evidence, such as declarations or affidavits, to establish the jurisdictional amount.   *Id.* at 768, 771 (concluding that in cases arising under

3

the first paragraph of § 1446(b), "the evidence the defendant may use to establish the jurisdictional facts is not limited to that which it received from the plaintiff or the court.").

In support of removal, Defendants produced evidence demonstrating that they have "recognized revenues" attributable to the fees that Plaintiffs challenge in excess of $5,000,000.00 during the time period alleged in the Complaint. Notice of Removal ¶ 21, ECF No. 1; Arnold Aff. ¶ 10, ECF No. 3. Randy Arnold, "the Senior Vice President – Operations for ADS South and ADS Solid Waste Southeast" states in his affidavit that "ADS South's subsidiaries' business units recognized revenues [well in excess of $5,000,000] in fuel surcharges, fuel/environmental fees, and administration fees." Arnold Aff. ¶ 10. Mr. Arnold provided a breakdown showing the recognized revenues from each fee. *Id.* Defendants have therefore shown by a preponderance of the evidence that the amount in controversy exceeds $5,000,000 and that the other requirements for federal jurisdiction pursuant to CAFA have been met.

Plaintiffs argue that "recognized revenues" should not be considered in determining the amount in controversy. Instead, Plaintiffs contend that the amount in controversy is the amount of fees that the putative class members have actually "paid." Plaintiffs maintain that it is sheer speculation as to whether "recognized revenues" is the same thing as "fees paid." The

Court finds this linguistic argument unpersuasive.  It is true that the amount in controversy must be determined from the Plaintiffs' point of view.  *Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.,* 120 F.3d 216, 219 (11th Cir. 1997).  But the revenues Defendants received from the fees paid is exactly what Plaintiffs have put in controversy in this case, and Defendants have established that amount to be in excess of $5,000,000.     Accordingly,    the    jurisdictional    amount    is satisfied, and Plaintiffs' motion to remand is denied.

**II.  Motion to Dismiss**

> A.   Motion   to   Dismiss   Plaintiffs'   Claim   for   Injunctive Relief   Pursuant   to   Federal   Rule   of   Civil   Procedure 12(b)(1)

Plaintiffs allege that Defendants "altered the terms of the written service agreement entered into between Plaintiffs and [Defendants] . . . by implementing an Arbitration Agreement, Jury Trial Waiver, And Class Action Waiver Clause."  Compl. ¶ 28.  According  to  Plaintiffs,  these  alterations  are  "an unlawful and unauthorized change of terms."  *Id.*  Plaintiffs seek to enjoin Defendants from "enforcing and implementing th[e] agreement."  *Id.* ¶ 49.  Curiously, Plaintiffs make this injunctive relief claim even though the alleged alterations to their agreement do not apply to them.  Because these changes do not apply to Plaintiffs, Defendants argue that Plaintiffs lack standing to assert these claims for injunctive relief.  And they

5

seek dismissal of these claims for lack of subject matter jurisdiction.  *See Stalley v. Orlando Reg'l Healthcare Sys., Inc.,* 524 F.3d 1229, 1232 (11th Cir. 2008) (per curiam) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).") (internal quotation marks omitted).

Standing requires a plaintiff to "have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks omitted).  "The 'injury-in-fact' demanded by Article III requires an additional showing when injunctive relief is sought.  In addition to past injury, a plaintiff seeking injunctive relief must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future."  *Houston v. Marod Supermarkets, Inc.,* 733 F.3d 1323, 1328 (11th Cir. 2013) (internal quotation marks omitted).  Along with the "injury-in-fact" requirement, there must be a "casual connection between the injury and the conduct complained of" and "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  *Lujan,* 504 U.S. at 560-61 (internal quotation marks omitted).

6

The present record establishes that Plaintiffs opted out of the amended terms which form the basis of their injunctive relief claims by timely objecting to them in writing. Defs. Mot. to Dismiss 2, ECF No. 4. Plaintiffs do not dispute that they timely opted out and are not bound by those terms. Pls. Resp. to Defs. Mot. To Dismiss 3, ECF No. 7. It is therefore difficult to discern how they have suffered an injury-in-fact and how they are likely to suffer future injury as a result of the amended terms that do not apply to them. They argue that the mere sending of the proposed amendments by Defendants caused a sufficient injury for purposes of standing. Pls. Resp. to Mot. to Dismiss 3, ECF No. 7. The Court is unconvinced. The mere receipt of the proposed amendments does not rise to the level of a concrete injury sufficient to support standing. Even if the receipt of the proposed amendments were an injury-in-fact, Plaintiffs have not shown that it is likely they will be injured in the future. Moreover, they have not shown how enjoining Defendants from enforcing the amendments would redress their alleged injury. Defendants agree that the challenged amendments do not apply to Plaintiffs, and no injunction is necessary to confirm that. Plaintiffs lack standing to pursue their injunctive relief claims, and therefore, those claims must be dismissed.

B.   Motion to Dismiss Plaintiffs' Georgia RICO Claim
     Pursuant to Federal Rules of Civil Procedure 12(b)(6)
     and 9(b)

Defendants contend that Plaintiffs have not pled their

Georgia RICO claim with sufficient specificity, and therefore,

it should be dismissed pursuant to Rules 12(b)(6) and 9(b).  For

purposes of this motion to dismiss, the Court accepts as true

all facts set forth in Plaintiffs' complaint and limits its

consideration to the pleadings and exhibits attached thereto.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe*

*v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009).  "To

survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief

that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).   The

complaint must include sufficient factual allegations "to raise

a right to relief above the speculative level."  *Twombly*, 550

U.S. at 555.  "[A] formulaic recitation of the elements of a

cause of action will not do[.]"  *Id.*  Although the complaint

must contain factual allegations that "raise a reasonable

expectation that discovery will reveal evidence of" the

plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit

dismissal of a well-pleaded complaint simply because 'it strikes

a savvy judge that actual proof of those facts is improbable,'"

8

*Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007)

(quoting *Twombly,* 550 U.S. at 556).

In addition to the Rule 12(b)(6) plausibility standard, civil RICO claims predicated upon fraud must meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). *See Ambrosia Coal & Constr. Co. v. Pages Morales,* 482 F.3d 1309, 1316 (11th Cir. 2007) (affirming dismissal of federal civil RICO claim for failing to meet Rule 9(b) standards).[1]  Under Rule 9(b), a complaint sounding in fraud must allege the following if the information is reasonably ascertainable at the time the complaint is filed: "(1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the Plaintiffs; and (4) what the Defendants gained by the alleged fraud."  *Id.* at 1316-17.

Plaintiffs allege that Defendants committed violations of Georgia RICO by engaging in an enterprise of unlawful activity for pecuniary gain.  Compl. ¶¶ 30-39.  The Georgia RICO statute makes it "unlawful for any person, through a pattern of racketeering activity or proceeds derived therefrom, to acquire

---

[1] "Because Georgia's RICO statutes are essentially identical to the federal RICO statutes," analysis of a Georgia RICO claim tracks that of a federal RICO claim.  *See Morast v. Lance*, 807 F.2d 926, 933 (11th Cir. 1987) (analyzing and dismissing a federal RICO claim and then affirming dismissal of a Georgia RICO claim without analysis "because Georgia's RICO statutes are essentially identical to the federal RICO statutes.").

or maintain, directly or indirectly, any interest in . . . personal property of any nature, including money." O.C.G.A. § 16-14-4(a). Plaintiffs allege that Defendants engaged in the "racketeering activities" of theft by taking, theft by deception, mail fraud, and wire fraud. Compl. ¶ 34. Theft by deception, mail fraud, and wire fraud are fraud-based claims that must meet the requirements of Rule 9(b).

Having reviewed Plaintiffs' Complaint, the Court finds that Plaintiffs have not pled their fraud based RICO claims with sufficient particularity. They have lumped many of the allegations together, and it is difficult to ascertain from the allegations "who" did "what" "where" and "when." *See Brooks v. Blue Cross & Blue Shield of Fl., Inc.,* 116 F.3d 1364, 1381 (11th Cir. 1997) (per curiam) (finding civil RICO claims inadequately pled pursuant to Rule 9(b) when "plaintiffs have simply lumped together all of the Defendants in their allegations of fraud.") Rather than dismiss the Complaint, the Court orders that Plaintiffs file a more specific amended Complaint on or before March 24, 2014. *See Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985) ("[A] district court should give a plaintiff an opportunity to amend his complaint rather than dismiss it when it appears that a more carefully drafted complaint might state a claim upon which relief could be granted.") Defendants' motion

to dismiss is denied, but their alternative motion for more definite statement is granted.

CONCLUSION

Plaintiffs' Motion to Remand (ECF No. 5) is denied. Defendants' Motion to Dismiss (ECF No. 4) is granted as to Plaintiffs' injunctive relief claim and denied as to Plaintiffs' other claims. Defendants' alternative motion for a more definite statement is granted, and Plaintiffs shall file their amended complaint on or before March 24, 2014. The previous stay of discovery by the Court pending a ruling on the Motion to Remand is hereby lifted, and a Rule 16/26 Order shall be issued.


IT IS SO ORDERED, this 3rd day of March, 2014.

S/Clay D. Land

CLAY D. LAND
UNITED STATES DISTRICT JUDGE

11